United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11370
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL HERNANDEZ-LAZARO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-176-ALL-R
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Angel Hernandez-Lazaro was convicted of illegal reentry into the United States and sentenced to serve 42 months in prison and a two-year term of supervised release. He first argues on appeal that 8 U.S.C. § 1326(b) is unconstitutional. Hernandez-Lazaro's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez-Lazaro contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez-Lazaro properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Hernandez-Lazaro's argument that the Due Process and Ex Post Facto Clauses bar the application of Justice Breyer's remedy opinion in United States v. Booker, 125 S. Ct. 738 (2005), when resentencing defendants in light of Booker is foreclosed by our prior caselaw. See United States v. Scroggins, 411 F.3d 572, 576-77 (5th Cir. 2005).

Hernandez-Lazaro contends that his sentence should be vacated and remanded because the district court sentenced him under the mandatory guidelines scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Because the district court sentenced Hernandez-Lazaro under a mandatory guidelines regime, it committed Fanfan error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). When a Fanfan error "is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless." United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). The Government concedes that this claim was preserved and that it

cannot show that the <u>Fanfan</u> error that occurred in the instant case was harmless.

We agree that the Government cannot meet its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error. <u>See</u> <u>United States v. Garza</u>, 429 F.3d 165, 170-71 (5th Cir. 2005). We therefore vacate Hernandez-Lazaro's sentence and remand for re-sentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.